IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE VAN DUZER,

    Petitioner,

vs.                                                                                                           No. CIV 18-0405 JB/LF

WARDEN SIMMS or ACTING
WARDEN HORTON IN INTERIM,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed April 30, 2018 (Doc. 1)("Petition"). It appears from the Petition's face that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars Petitioner George Van Duzer's § 2254 claims. Accordingly, the Court dismisses the Petition with prejudice as time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

A Grand Jury returned an indictment against Van Duzer on May 18, 1993 for the first-degree, premeditated murder of his estranged wife in front of their minor daughter. See Cause No. D-202-CR 1993-01189, County of Bernalillo, Second Judicial District Court, State of New Mexico.[1] On November 9, 1994, Van Duzer entered into a Plea and Disposition Agreement, in which he agreed to plead no contest to the charge. The Plea and Disposition Agreement states:

---

[1]The Court has reviewed the official record in Van Duzer's state court proceedings through the Supreme Court of New Mexico's Secured Online Public Access (SOPA) and takes judicial notice of the records in case no. D-202-CR-1993-01189. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(concluding that the Court may take judicial notice of publicly-filed records in this court and other courts concerning matters that bear directly upon the

> The state and the defendant understand that the maximum penalties for these charges are: Count 1 of the Indictment, a 1st Degree Capital Felony, Death or Life Imprisonment. . . . Under this agreement the defendant will be sentenced to life imprisonment. If he violates probation or parole, he may be incarcerated for the balance of the sentence.

Plea and Disposition Agreement at 2. Under the Plea and Disposition Agreement, Van Duzer also waived his appeal rights. See Plea and Disposition Agreement at 3. The State Court accepted the Plea and Disposition Agreement and it was filed on November 14, 1994.

The State Court entered Judgment on Van Duzer's conviction and sentence on April 12, 1995. See Judgment, Sentence and Commitment. The Judgment provides that "[t]he Defendant . . . is sentenced to the custody of the Corrections Department for the term of life. . . . It is further ordered that the Defendant be placed on parole for 2 years after release." Judgment, Sentence and Commitment at 1-2. No appeal was taken from the Judgment, Sentence and Commitment.

On July 19, 2011, the State Court entered an Order Amending Judgment and Sentence to Correct Parole Term. The Order Amending Judgment stated:

> The Court hereby finds that the Judgment and Sentence needs to be corrected to reflect the correct parole term applicable at the time of the offense and the sentencing in this case pursuant to § 31-21-10(B), NMSA 1978. The Court hereby orders that defendant, upon completion of the life sentence of imprisonment, shall be required to undergo a minimum period of parole of five (5) years.

Order Amending Judgment. On January 17, 2018, six and one-half years after entry of the Order Amending Judgment, Van Duzer filed a Motion for Corrected Judgment and Sentence. The

---

disposition of the case at hand); Stack v. McCotter, 79 F. App'x 383, 391 (10th Cir. 2003)(unpublished)(holding that a state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201); Shoulders v. Dinwiddie, 2006 WL 2792671, at *3 (W.D. Okla. 2006)(Cauthron, J.)(concluding that a court may take judicial notice of state court records available on the internet including docket sheets in district courts).

Motion for Corrected Judgment alleges that: Van Duzer was sentenced to thirty years, not life; sentenced to two years parole, not five years; and all sentencing was entered in 1995 before changes were made to current sentencing guidelines, and prays "to correct these errors." Motion for Corrected Judgment at 1; Petition at 2-3. The State District Court denied the Motion for Corrected Judgment. See Order, at 1, filed February 23, 2018. The record does not indicate whether an appeal was taken from denial of the Motion for Corrected Judgment. Van Duzer appears to contend that he failed to meet the appeal deadline "due to lock down and finances." Petition at 3.

In his Petition, Van Duzer challenges his conviction and sentence in Second Judicial District Cause No. D-202-CR 1993-01189. See Petition at 1. He alleges that he should have received a thirty-year sentence and two years parole, rather than a life sentence and five years of parole. See Petition at 3. He raises issues of breach of contract by changing his plea agreement, use of a false social security number on the Judgment, ineffective assistance of counsel in entering into the plea agreement, and false arrest and imprisonment. See Petition at 3-5.

## **LAW REGARDING § 2254 AND THE STATUTE OF LIMITATIONS**

The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2241-55, ("AEDPA") governs petitions for writs of habeas corpus and has a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final at the conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A).

A state habeas corpus petition filing tolls this one-year statute of limitations. Tolling occurs, however, only when "a properly filed application for [s]tate post-conviction" relief is "pending." See 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-20 (2002). See Holland v. Florida, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. See Wade v. Battle, 379 F.3d 1254, 1260-62 (11th Cir. 2004). Tolling ends when the state habeas corpus petition proceedings are finally concluded. See Holland v. Florida, 560 U.S. at 638 (concluding

that state habeas corpus proceedings are concluded and the statute of limitations clock starts when the State Supreme Court issued its mandate). A § 2254 petition filed after the one-year period has expired is time-barred. See 28 U.S.C. § 2244(d).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to file timely. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. See Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998); Sanders v. Mahaffey, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000)(unpublished); [2] Washington v. United States, 2000 WL 985885, at *2 (10th Cir. July 18, 2000)(unpublished).

A court may properly dismiss a time-barred habeas corpus petition under rule 12(b)(6) of the Federal Rules of Civil Procedure. See Aguilera v. Kirkpatrick, 241 F.3d 1286, 1290 (10th Cir. 2001). The petition may be dismissed for failure to state a claim upon which relief can be granted where Petition, on its face, indicates that the statute of limitations bars the claims. See

---

[2]Sanders v. Mahaffey is an unpublished United States Court of Appeals for the Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Sanders v. Mahaffey, Stack v. McCotter, and Washington v. United States have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Jones v. Bock, 549 U.S. 199, 214-15 (2007)(noting that a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face).

**ANALYSIS**

To the extent Van Duzer alleges errors in his Plea and Disposition Agreement, or ineffective assistance of counsel in entering the Plea Agreement, Van Duzer had those arguments available from April 12, 1995 -- the date Judgment was entered. Any claim of error in the Order Amending Judgment and Sentence arose when the Order was entered on July 19, 2011. Petition at 1-5. Section 2244(d)(1)(A)'s limitation period is applicable here, so the statute of limitations on Van Duzer's claims began running either on April, 1995, or July, 2011, and expired one year later in April, 1996, or July, 2012. See 28 U.S.C. § 2244(d)(1)(A).

Although Van Duzer filed a state post-conviction Motion for Corrected Judgment and Sentence, it is not clear that the Motion for Correct Judgment was a properly filed state habeas corpus petition. Even if it were a properly-filed habeas corpus petition, he waited more than twenty years after the Judgment was entered and over six years after the Order Amending Judgment and Sentence became final, before filing the Petition. The state motion proceedings did not toll the running of the statute of limitations. See Carey v. Saffold, 536 U.S. at 219-20; Holland v. Florida, 560 U.S. at 635, 638. That Van Duzer did not learn about potential legal remedies until 2011 does not constitute the type of extraordinary circumstances that would support equitable tolling of the statute of limitations in this case. See Marsh v. Soares, 223 F.3d at 1220; Burger v. Scott, 317 F.3d at 1141. Therefore, the § 2244(d)'s one-year statute of limitations expired before he filed his April 30, 2018, Petition in this Court, and his claims under § 2254 are time-barred. On its face, the Petition fails to state a claim upon which relief can be

granted, and the Court will dismiss it.  Fed. R. Civ. P. 12(b)(6); Jones v. Bock, 549 U.S. at 214-15.

Under rule 11 of the Rules Governing Section 2254 Cases, the Court also determines that Van Duzer has failed to make a substantial showing of denial of a constitutional right.  The Court will deny a certificate of appealability.  See 28 U.S.C. § 2253(c).

**IT IS ORDERED** that the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed April 30, 2018 (Doc. 1), is dismissed with prejudice, and a Certificate of Appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

George Van Duzer
Lea County Correctional Facility
Hobbs, New Mexico

*Petitioner pro se*